UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

TERRY SALMONS and
CARMELLA SALMONS,

    Plaintiffs,

v.                                Civil Action No. 2:19-CV-00268

CMH OF KY., INC d/b/a
OAKWOOD HOMES #1022, and
NORMAN'S MOBILE HOME
MOVERS & TOWING, LLC,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is the motion to compel arbitration, filed by defendants CMH of KY., Inc. ("CMH") and Norman's Mobile Home Movers & Towing, LLC ("Norman's") May 14, 2019.

## I. Background

On August 8, 2018, plaintiffs Terry Salmons and Carmella Salmons, both citizens of West Virginia, see Not. Removal, ECF No. 1 ¶ 3, entered into a contract with CMH, a Tennessee corporation, id. ¶ 4, to purchase, deliver, and install "a manufactured home . . . on a particular site in Baisden, Mingo County, West Virginia." Compl., ECF No. 1-1 ¶¶ 6-9. CMH then hired "Norman's to transport said mobile home" to its destination. Id. ¶ 10. In total, plaintiffs paid CMH

$88,000 under the Sales Agreement.  Sales Agreement, ECF No. 6-1.

On March 12, 2019, plaintiffs filed suit against defendants in the Circuit Court of Mingo County, West Virginia, alleging that "on or about August 15, 2018 . . . Defendant Norman's crashed said mobile home into Horsepen Mountain causing significant damages to the same."  Compl., ECF No. 1-1 ¶ 11.  The complaint alleges (1) negligence; (2) breach of contract; (3) fraudulent inducement; (4) frustrations of purpose & fitness for a particular purpose; (5) revocation of acceptance; (6) breach of express warranties; (7) breach of implied warranty of merchantability; (8) breach of duty of good faith; (9) unfair or deceptive acts or practices; (10) unconscionability; and (11) common law fraud and misrepresentation.  Id. ¶¶ 14-58.  Based on these claims, plaintiffs seek compensatory damages "plus the attorneys' fees, costs, net economic losses, consequential damages, and general damages."  Id. at Prayer Clause ¶¶ 1-5.

Defendants removed this action to this court on April 11, 2019, pursuant to 28 U.S.C. § 1332.  Not. Removal, ECF No. 1.  On May 14, 2019, defendants moved to compel arbitration of plaintiffs' claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1, et seq., and the Revised Uniform Arbitration Act,

W. Va. Code §§ 55-10-1 et seq. Def.'s Mot. Compel, ECF No. 6. According to defendants, "Plaintiffs are bound by the terms contained in" the Binding Dispute Resolution Agreement ("Arbitration Agreement") of August 8, 2018 "and should be compelled to arbitrate the claims raised in the Complaint against Defendants." Def.'s Mem. Supp. Mot. Compel Arbitration ("Def.'s Mem."), ECF No. 7, at 8; Arbitration Agreement, ECF No. 6-2. Plaintiffs have not responded to defendants' motion to compel arbitration.

The Arbitration Agreement details that "[t]he Arbitration shall be governed by and conducted under: (a) the Federal Arbitration Act . . . and to the extent not otherwise preempted by the FAA, by applicable state laws." Arbitration Agreement, ECF No. 6-2, at 2. In relevant part, it states that "[t]he Parties agree to mandatory, binding arbitration ('Arbitration') of all Claims that are not resolved in Mediation," defining "Parties" to include "Buyer, Seller, and Beneficiaries." Id. at 1. The Arbitration Agreement defines (a) "Buyer" as "the buyer (whether one or more) who signs below," (b) "Seller" as "CMH Homes, Inc., its subsidiary(s) (e.g., CMH of KY, Inc.), and their/its agents, assignees, successors in interest, and employees," and (c) "Beneficiaries" as "intended beneficiaries of this Agreement, who include . . .

contractors, including, without limitation, contractors involved in delivery and set-up of Buyer's Home." Id.

Finally, the Arbitration Agreement defines "Claims" as "all pre-existing, present, or future disputes, claims, controversies, grievances, and causes of action against Seller, including, but not limited to, common law claims, contract and warranty claims, tort claims, statutory claims . . . and any other matter in question . . . arising out of or relating to (i) the modular or manufactured home(s) purchased, sold, owned, occupied and/or delivered in any transaction with Buyer or Beneficiaries (the "Home")[and] . . . (vi) the design and construction of the Home." Arbitration Agreement, ECF No. 6-2, at 1.

## II. Discussion

The motion to compel arbitration is governed by § 4 of the FAA, which provides that:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties.

9 U.S.C. § 4. The FAA was enacted "in response to widespread judicial hostility to arbitration[,]" Am. Express Co. v. Italian

Colors Rest., 570 U.S. 228, 232 (2013), and establishes a "strong federal public policy in favor of enforcing arbitration agreements," see Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 217 (1985).  It provides that arbitration clauses in contracts involving interstate commerce are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  Consequently, "if parties execute a valid agreement to arbitrate disputes, a federal court must compel arbitration."  See Sydnor v. Conseco Fin. Servicing Corp., 252 F.3d 302, 305 (4th Cir. 2001).

In this circuit, a party may compel arbitration under the FAA if it can demonstrate:

> (1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect or refusal of [a party] to arbitrate the dispute.

Adkins v. Labor Ready, Inc., 303 F.3d 496, 500-01 (4th Cir. 2002) (quoting Whiteside v. Teltech Corp., 940 F.2d 99, 102 (4th Cir. 1991)).  "Generally applicable contract defenses, such as fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements without contravening § 2" of

the FAA. Doctor's Assocs., Inc. v. Casarotto, 517 U.S. 681, 687 (1996).

The court finds that the elements required to compel arbitration are satisfied. First, a dispute exists between the parties, as evidenced by the allegations in the complaint.

Second, the Arbitration Agreement is a written agreement that contains an arbitration clause purportedly governing this dispute. Section D states, "The Parties agree to mandatory, binding arbitration ('Arbitration') of all Claims that are not resolved in Mediation." Arbitration Agreement, ECF No. 6-2, at 1. Terry Salmons, Carmella Salmons, CMH, and Norman's all qualify as "Parties" under the Arbitration Agreement. In particular, Norman's meets the definition of a "Beneficiary" under the Arbitration Agreement because CMH hired it to transport the mobile home, which makes it a "contractor[] involved in delivery and set-up of Buyer's home." Id.; Compl., ECF No. 1-1 ¶ 10. Even though Norman's did not sign the Arbitration Agreement, as one of its intended beneficiaries Norman's still qualifies as a "Party" for whom the Arbitration Agreement governs. Arbitration Agreement, ECF No. 6-2.

Third, the court finds that the agreement affects interstate commerce. Plaintiffs are West Virginia residents who entered into a contract with a Tennessee corporation (CMH),

6

which hired a Kentucky limited liability company (Norman's) to transport the mobile home across state lines.  Compl., ECF No. 1-1 ¶ 1-10; Not. Removal, ECF No. 1 ¶ 3-5; Gunnell Aff., ECF 6-3 ¶ 8.  Finally, the fourth element is satisfied inasmuch as plaintiffs have thus far failed, neglected, or refused to arbitrate this dispute.

Accordingly, the arbitration provision in the purchase agreements covers plaintiffs' claims and the court must compel arbitration.

### III. Conclusion

For the foregoing reasons, it is ORDERED that defendants' motion to compel arbitration be, and it hereby is, granted and that this civil action is stayed pending the outcome of such arbitration.

The Clerk is directed to transmit copies of this memorandum opinion and order to all counsel of record.

DATED: August 16, 2019

_____
John T. Copenhaver, Jr.
Senior United States District Judge